**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5073**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LANCE WALKER,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:08-cr-00306-WDQ-1)

Submitted: November 4, 2010      Decided: December 2, 2010

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Michael P. Kushner, Brooklyn, New York, for Appellant. Rod J. Rosenstein, United States Attorney, Debra L. Dwyer, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lance Walker was convicted after a jury trial. He appeals his convictions for various drug and firearm charges and his resulting 480-month sentence. We affirm his convictions but vacate his sentence and remand for resentencing.

I.

Walker first challenges the December 17, 2007 search of his car. He asserts that the warrant lacked probable cause and that no rational officer could state any basis for issuing such a search warrant. The affidavit supporting the warrant recounted the investigation into the October 30, 2007 death of Marion Beckford, who was shot while allegedly attempting to collect a debt from Walker. Walker was positively identified at a photographic line-up, and text messages also tied Walker to the shooting. Further, the shooter drove a dark SUV. Investigation linked Walker to a Black Lincoln Navigator, and he was arrested in that car. The officer also averred that the firearm used in the shooting had not been found and that he believed Walker carried a weapon in his vehicle for safety. On the basis of this affidavit, the magistrate judge issued a search warrant for Walker's Navigator, permitting a search for evidence relating to the murder of Beckford, including "[h]andguns, ammunitions, CDS [controlled substances],

photographs, directions, paperwork, personal papers and any and all microscopic evidence."

Walker points out that there was no mention of CDS in the affidavit and argues that the source of the officer's belief that there would be a handgun in the car was absent. In reviewing the propriety of issuing a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding that there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983). The facts presented to the issuing judge need only convince a person of reasonable caution that contraband or evidence of a crime will be found at the place to be searched. Texas v. Brown, 460 U.S. 730, 742 (1983). Probable cause is a "flexible, common-sense" standard. Id. "[T]he nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence." United States v. Anderson, 851 F.2d 727, 729 (4th Cir. 1988).

We conclude that the affidavit provided probable cause to believe that firearms would be found in the car. Specifically, the shooter drove a dark colored SUV to the crime scene where he shot Beckford, Walker was identified as the shooter who emerged from the SUV, Walker was seen driving a

3

black Lincoln Navigator SUV, and the murder weapon had not been recovered. Probable cause can be inferred from the circumstances, and the warrant was not invalid for failing to produce direct evidence that a firearm was in Walker's car. See United States v. Lalor, 996 F.2d 1578, 1582 (4th Cir. 1993) (noting that test is whether it is "reasonable to believe that the items to be seized will be found in the place to be searched").

The warrant's permission to search for CDS is more problematic. It is undisputed that the warrant's inclusion of CDS as an appropriate item to be seized was not supported by probable cause. However, absent a showing of pretext or bad faith on the part of the police or the Government, the invalidity of part of a search warrant does not require the suppression of all the evidence seized during its execution. See United States v. Fitzgerald, 724 F.2d 633, 636-37 (8th Cir. 1983). Thus, even if the portion of the warrant permitting seizure of CDS is invalid, the Fourth Amendment does not require the suppression of anything described in the valid portions of the warrant or "lawfully seized []on plain-view grounds, for example-during their execution." Id. at 637; see also United States v. George, 975 F.2d 72, 79 (2d Cir. 1992) (holding that, where warrant as a whole is not invalid, a redacted warrant may

4

justify a police intrusion, permitting admission of items found in plain view).

Here, the cocaine and marijuana were found hidden in the same place as a loaded pistol, in an area around the vehicle's sunroof. The heroin was found inside the driver's door. Thus, had the warrant not included CDS as an appropriate target of the search, the drugs would still have been found in plain view during the execution of the warrant to search for firearms. Walker does not argue that the error in the search warrant was the result of bad faith or pretext. Moreover, he does not contend that a proper search for handguns would not have uncovered the drugs. Accordingly, we find that the district court properly denied the motion to suppress with regard to the search of Walker's vehicle.

## II.

Walker next contends that the district court failed to make any factual findings or legal conclusions regarding the items seized from his car on January 16, 2007. However, after the testimony at the suppression hearing, Walker did not make any argument regarding the January 16 search. Nonetheless, the court did find that the January stop and seizure were proper.

In any event, the search of Walker's car was clearly proper as a search incident to arrest. A police officer may

search the passenger area of a vehicle incident to the lawful arrest of its occupant, even when the occupant has already been removed from the car and is under the control of the police. United States v. Milton, 52 F.3d 78, 80 (4th Cir. 1995). Moreover, vehicle searches are permissible incident to the arrest of "recent occupants" of the vehicle, accounting for situations where the officer does not make contact until the person arrested has left the vehicle. See Thornton v. United States, 541 U.S. 615, 621-23 (2004); Arizona v. Gant, 129 S. Ct. 1710, 1723 (2009) ("Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.").

While Walker was being pursued by police officers, he exited his car and attempted to run. The police apprehended Walker and recovered the cocaine he had thrown from the car. The officers then searched the car. We find the warrantless search of Walker's car was proper incident to Walker's arrest.


                              III.

Walker claims joinder of the counts against him was not proper because the counts flowing from each of his three arrests were not related and there was nothing in the indictment

6

tying the arrests with one another. Walker's convictions stemmed from three arrests in Baltimore, Maryland, in 2007: January 16, May 22, and December 17. Walker further asserts that he was prejudiced by the joinder because the jury was permitted to hear about his involvement with other narcotics transactions.

Fed. R. Crim. P. 8(a) provides that two or more offenses may be charged in the same indictment when the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." We review de novo the district court's refusal to grant a misjoinder motion to determine whether the initial joinder of the offenses was proper under Rule 8(a). United States v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003). If joinder was proper, review of the denial of a motion to sever is for abuse of discretion under Fed. R. Crim. P. 14. Id. Because of the prospect of duplicating witness testimony, impaneling additional jurors or wasting limited judicial resources, joinder is the rule rather than the exception. United States v. Hawkins, 589 F.3d 694, 700 (4th Cir. 2009). Joinder of multiple charges involving the same statute is "unremarkable". Id. at 702-03 (citing United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995) (courts

7

routinely allow joinder of bank robbery charges against the same defendant)).

We conclude that the joinder of the counts was permissible. In each arrest, all of which occurred within a twelve month period, Walker was apprehended with a distributable amount of drugs in his car, packaged in separate bags. In two of the arrests, Walker was found with ammunition or firearms, which are tools of the drug trade, and tally sheets, which supported the conclusion that Walker sold cocaine and marijuana. See United States v. White, 875 F.2d 427, 433 (4th Cir. 1989) (firearms are commonly used in drug business). After each arrest, Walker was charged with possession with intent to distribute CDS, among other charges. Accordingly, the arrests each involved conduct of the same or similar character. See United States v. Quilling, 261 F.3d 707, 714 (7th Cir. 2001) (noting that joinder is proper where counts were temporally related and charged under the same statute).

Since joinder of the counts was proper, Walker must show that he was clearly prejudiced by the district court's denial of his motion to sever. See Acker, 52 F.3d at 514. However, the overwhelming evidence against Walker shows that there was no prejudice. Officers testified that, after each arrest, Walker was found in possession of contraband. Moreover, the district court gave a limiting instruction, informing the

8

jury that they must consider each count separately.  Because joinder was proper and Walker cannot show clear prejudice, the district court did not abuse its discretion in denying the motion to sever the counts.

IV.

Next, Walker asserts that the district court improperly denied his motion to continue the trial.  "[A] trial court's denial of a continuance is . . . reviewed for abuse of discretion; even if such an abuse is found, the defendant must show that the error specifically prejudiced [his] case in order to prevail."  United States v. Williams, 445 F.3d 724, 739 (4th Cir. 2006).

We find that Walker has failed to show either an abuse of discretion or prejudice.  First, Walker's assertion that he twice moved for a continuance of trial is unsupported by the record.  On August 8, 2008, the motions deadline, Walker filed a written motion to continue the motions deadline, not the trial.  Walker did not move to continue the trial until September 10, five days before trial, and on that date, Walker moved for the continuance in a untranscribed telephone conference.  Because Walker never filed a written motion to continue, the district court's reasoning for denial is not on the record.  Given the timing of Walker's motions and his failure to ensure that his

9

motion to continue was heard on the record, the district court did not abuse its discretion in denying the motion. Moreover, even if there were an abuse of discretion, Walker has failed to even allege prejudice.

V.

Finally, Walker claims that his sentence was procedurally unreasonable because the district court failed to give sufficiently individualized reasoning for the chosen sentence. Walker's advisory Guidelines range was 420 months to life in prison. At sentencing, Walker argued for a 420-month sentence, contending that (1) he had never been convicted of a crime of violence, (2) he had never been convicted of a completed drug sale — all his convictions were for possession with intent to distribute, (3) he had three small children, (4) the Government intimidated his witnesses, and (5) he could still contribute something positive to society. The court imposed a 480-month sentence without providing any reasoning.

In evaluating the sentencing court's explanation of a selected sentence, we have consistently held that, while a district court must consider the statutory factors and explain its sentence, it need not explicitly reference 18 U.S.C. § 3553(a) (2006), or discuss every factor on the record, particularly when the court imposes a sentence within a properly

calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). But, at the same time, the district court "must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 50 (2007). Moreover, the district court must state the individualized reasons that justify a sentence, even when sentencing a defendant within the Guidelines range. Rita v. United States, 551 U.S. 338, 356-57 (2007). The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration . . . and [are] clearly tied to [the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

In United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009), we held that, while the individualized assessment of each defendant need not be elaborate or lengthy, it must provide a rationale tailored to the particular case at hand and be adequate to permit appellate review. Thus, a recitation of the § 3553 factors and purposes is insufficient. Likewise, a conclusory statement that a specific sentence is the proper one does not satisfy the district court's responsibilities. Id. at 328-29. In addition, we cannot presume that the district court adopted the arguments of one of the parties while imposing sentence; an appellate court may not guess at the district

11

court's rationale.  Id. at 329-30.  Because Walker requested a lower sentence than he received, his claim is reviewed for harmless error.  See United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010).

Here, the court merely imposed a sentence without referencing the Guidelines range, the statutory factors, or Walker's arguments.  Prior to imposing a sentence, the district court made some comments that illustrated the court's view of the case: (1) the court stated that it was going to ignore an outstanding murder charge in imposing sentence, (2) the court stated that it did not intend to impose a life sentence, (3) the court expressed its belief that Walker's witnesses were lying, and (4) the court expressed bewilderment at Walker's counsel's attempt to minimize Walker's culpability based on the fact that he had never been convicted of actually selling drugs.  The court did not address any of Walker's other arguments.

This reasoning, which was culled from the entire sentencing transcript so that some of the statements were made prior to hearing full argument, is insufficient as it does not reflect that the court specifically concluded that a Guidelines sentence satisfied the statutory sentencing factors.  See United States v. Hernandez, 603 F.3d 267, 269 (4th Cir. 2010) (holding on plain error review that, where defendant asked for the sentence he received and the court stated only that a Guidelines

sentence was appropriate, sentence was not procedurally unreasonable). We thus conclude that the district court abused its discretion by failing to provide individualized reasoning for the sentence imposed. Accordingly, Walker's sentence should be vacated unless the court finds that the error was harmless. United States v. Lynn, 592 F.3d 572, 581 (4th Cir. 2010).

"To avoid reversal for non-constitutional, non-structural errors like [the one presented here], the party defending the ruling below . . . bears the burden of demonstrating that the error was harmless, i.e. that it did not have a substantial and injurious effect or influence on the result." Id. at 585. (internal quotation marks omitted.) The Government makes no argument that any alleged error was harmless, and the record does not conclusively show that "explicit consideration of [Walker's] arguments would not have affected the sentence imposed." Id. Accordingly, we vacate Walker's sentence and remand for the district court to address Walker's arguments and give sufficient reasoning for its chosen sentence.

Based on the foregoing, we affirm Walker's convictions and vacate his sentence and remand for resentencing. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART